# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8235 | **DATE** | December 6, 2011 |
| **CASE TITLE** | U.S. ex rel. George Tolbert (#B-13301) v. Cook County Dep't of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or submit an application for leave to proceed *in forma pauperis*; and (2) show good cause in writing why the habeas petition should not be dismissed as untimely. The Clerk is directed to send Petitioner an *in forma pauperis* application along with a copy of this order. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]　　　Docketing to mail notices.

## STATEMENT

George Tolbert, prisoner in custody at the Cook County Jail (it appears that Petitioner is in custody at the jail not as a pre-trial detainee, but because he has been arrested for a parole violation on his previous conviction and sentence), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence he received on his 2006, Cook County conviction for burglary on the grounds that he was not notified by the court when he accepted his plea agreement that he would be required to serve three years mandatory supervised release after he had completed his period of incarceration.

Although the Clerk has accepted the *pro se* petition for docketing pursuant to Rule 5(d)(4) of the Federal Rules of Civil Procedure, Petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The Clerk will provide Petitioner with an *in forma pauperis* application. If Petitioner fails to pay the filing fee or file a fully completed *in forma pauperis* application within thirty days, the Court will dismiss this action.

As an additional concern, it appears that Petitioner has failed to exhaust his state court remedies, as required. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). The petition indicates that Petitioner filed no direct appeal of his conviction, and filed no collateral proceedings. Federal habeas relief is not available if Petitioner has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001), *citing Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Additionally, under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

In this case, a review of Petitioner's petition indicates that he entered a plea agreement on December 9, 2008. He failed to appeal the conviction or to file any kind of post-conviction proceedings. In light of the fact that Petitioner did not move to withdraw his plea and did not file a direct appeal, his conviction became final on January 9, 2009, which was 30 days after he pled guilty. *See, e.g., Beshears v. Veach*, No. 07-2134, 2008 U.S. Dist. LEXIS 10466, 2008 WL 427834, at *2 (C.D. Ill. Feb. 13, 2008) (conviction by guilty plea final when time for withdrawing plea expires). Therefore, Petitioner's habeas petition was due one year later on January 9, 2010. Petitioner does not indicate that he filed any motions which would have tolled the running of the statute of limitations. Thus, if "the date on which the judgment of conviction becomes final" governs, 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations on Petitioner's federal habeas petition ran out on January 9, 2010. The factual predicate to Petitioner's claim appears to be the requirement that he serve three years mandatory supervised release at the end of his period of incarceration, so to the extent that Petitioner is challenging the period of mandatory supervised release, the same date (January 9, 2010) applies. Since the federal habeas petition was filed on November 17, 2011, the one-year statute of limitations would appear to bar this case. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (the § 2244(d) statute of limitation applies to all habeas corpus petitions filed after April 23, 1997). While § 2244(d)(1) provides several specific exceptions to this rule, none appear to apply to this case. Accordingly, the Court gives Petitioner thirty days in which to show cause why this action should not be dismissed as untimely.

For the foregoing reasons, the petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or submit an application for leave to proceed in forma pauperis; and (2) show good cause in writing why the habeas petition should not be dismissed for failure to exhaust his state court remedies, as procedurally defaulted, and untimely. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.